PER CURIAM.
Appellant-wife appeals the dismissal of her petition for dissolution of marriage, removal of restraining orders and denial of motion for rehearing.
In 1976, after twenty-four years of marriage the husband left the marital residence to “find himself.” It isn't clear that he found himself, but there is evidence that within two months he had found a young girl and was living with her. The husband’s conduct and actions affected the wife so adversely that she required treatment by a psychiatrist for approximately two years. On March 15, 1978 the wife filed a petition for dissolution of the marriage; seeking alimony, support for their minor child, and distribution of property.
The husband moved to California where he and the young woman in whom he had become interested were maintaining their relationship. He filed an answer to the wife’s petition for dissolution in which he admitted that the marriage was irretrievably broken. At final hearing on January 22, 1979, after the conclusion of the wife’s testimony, the court asked the wife the following questions and received the following answers.
*104 “THE COURT: Madam, is your marriage irretrievably broken?
“MR. BAYER: Oh, excuse me.
“Q. (By Mr. Bayer) Mrs. Pyle, do you believe that your marriage is irretrievably broken?
“A. He does.
“THE COURT: How about according to you?
“THE WITNESS: No.
“THE COURT: You said your marriage is not irretrievably broken; then we are finished.
“MR. BAYER: Just a moment.
“THE COURT: She said her marriage is not irretrievably broken. Read back the question and answer.
“(Whereupon the question was read back as requested.)
“THE COURT: Did you understand that question?
“THE WITNESS: No, I didn’t understand the question.
“THE COURT: Is there a counterclaim in this case for divorce?
.“MR. NEWMAN: There is a claim for partition on the house.
“THE COURT: I don’t care, they both own the house, she said the marriage is not broken. You don’t need anything from me.
“MR. NEWMAN: At this time, your hon- or, we will withdraw our petition, in the event that we have asked for a divorce, and our marriage is not irretrievably broken, we ask that the court remove the restraining order and dismiss the complaint.
“THE COURT: So ordered. Good day to you.
“Whereupon the hearing was concluded.”
In this appeal the wife takes the position that the court erred in dismissing her petition for dissolution of the marriage and other relief since no opportunity was given to her to explain her response. No inquiry was made of the husband as to whether the marriage was irretrievably broken. No continuance or counseling was ordered. No action was taken by the court to provide for the best interests of the parties and their minor child while the husband continued to live in California. We find merit in appellant-wife’s contentions and reverse. See, Ryan v. Ryan, 277 So.2d 266 (Fla.1978); Smith v. Smith, 322 So.2d 580 (Fla. 2d DCA 1975); Riley v. Riley, 271 So.2d 181 (Fla. 1st DCA 1972); and Sections 61.001 and 61.052, Florida Statutes (1971).
Reversed and remanded for further proceedings.